IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

CHIBUEZE C. ANAEME,

        Plaintiff,

        v.

UNITED STATES OF AMERICA, *et al*

        Defendants.

3:11-cv-1160-ST

FINDINGS AND RECOMMENDATIONS TO GRANT IN FORMA PAUPERIS AND TO DISMISSS

STEWART, Magistrate Judge:

    Plaintiff, Chibueze C. Anaeme, who is representing himself, has applied to proceed *in forma pauperis* (docket #1). Because plaintiff indicates that he has no income or assets, his application to proceed *in forma pauperis* should be granted. However, for the reasons set forth below, his Complaint should be dismissed on the basis that it fails to state a claim and is frivolous.

///

1 - FINDING AND RECOMMENDATIONS

## STANDARDS

A complaint filed *in forma pauperis* may be dismissed at any time, including before service of process, if the court determines that:

> (A) the allegation of poverty is untrue; or
> (B) the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.

28 USC § 1915(e)(2); *see also Neitzke v. Williams*, 490 US 319, 324 (1989); *Jackson v. State of Ariz.*, 885 F2d 639, 640 (9th Cir 1989).

A complaint is frivolous "where it lacks an arguable basis in law or in fact." *Neitzke*, 490 US at 325; *Lopez v. Dep't of Health Servs.*, 939 F2d 881, 882 (9th Cir 1991); *Jackson*, 885 F2d at 640.

In order to state a claim for relief, a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]"  FRCP 8(a)(2).  This standard "does not require 'detailed factual allegations,'" but does demand "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 129 S Ct 1937, 1949 (May 18, 2009), citing *Bell Atl. Corp. v. Twombly*, 550 US 544, 555 (2007).  "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id*, quoting *Twombly*, 550 US at 555.  "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id*, quoting *Twombly*, 550 US at 570.

///

///

2 - FINDING AND RECOMMENDATION

## ALLEGATIONS

This Complaint is one of two nearly identical Complaints filed by plaintiff on the same day. The other Complaint in Case No. 3:11-cv-1161-ST makes the same allegations, but against more defendants and based on violations of the Federal Tort Claims Act ("FTCA"), 28 USC §§ 346, 1402, 2401, 2402, 2422, 2671 *et seq*.

Plaintiff is a black male of African origin and a resident of New Mexico. Complaint, ¶ 3. He is and has been a registered pharmacist in Georgia and New Mexico and a Pharmacy Technician in Oregon, holds a Bachelors of Pharmacy degree, and is qualified to work as a pharmacist and pharmacy technician in Oregon. *Id*, ¶¶ 12-13.

He names as defendants the United States of America and various Oregon defendants: the Oregon Board of Pharmacy and its members, the Oregon Department of Justice, and the Office of the Attorney General, Oregon, and many of its members. *Id,* pp. 1-3, ¶¶ 5-8.

In April 2007, plaintiff submitted a completed application for transfer of his Pharmeceutic licensure by reciprocity to the Oregon Board of Pharmacy which was wrongfully denied, and remains wrongfully denied, without any legitimate reason. *Id*, ¶¶ 9-10, 16-18. As a result, alleges that the Oregon defendants are liable to him for violating his rights under the Fifth, Sixth, Eighth and Fourteenth Amendments. *Id*, ¶¶ 19-20.

The Complaint alleges three Counts for Negligence (*id,* ¶¶ 21-26), Conspiracy (*id,* ¶¶ 27-35), and Disparate Treatment (*id,* ¶¶ 36-40). On each claim, plaintiff seeks unspecified damages.

///

///

3 - FINDING AND RECOMMENDATION

**FINDINGS**

A review of the Complaint reveals that this court lacks subject matter jurisdiction over all claims.

Federal courts are courts of limited jurisdiction and cannot hear every dispute presented by litigants. *Stock West, Inc. v. Confederated Tribes of the Colville Reservation*, 873 F2d 1221, 1225 (9th Cir 1989). A district court is empowered to hear only those cases which are within the judicial power conferred by the United States Constitution and those which fall within the area of jurisdiction granted by Congress. *Richardson v. United States*, 943 F2d 1107, 1112-13 (9th Cir 1991), *cert denied*, 503 US 936 (1992). Original jurisdiction must be based either on diversity of citizenship, involving suits involving more than $75,000 between citizens of different states, 28 USC § 1332, or on a claim involving the Constitution, laws, or treaties of the United States, 28 USC § 1331.

Plaintiff invokes federal question jurisdiction under 28 USC § 1331 based on claims alleged under the United States Constitution. However, federal question jurisdiction is unavailable if the federal claim upon which it is based is patently without merit. *Yokeno v. Mafnas*, 973 F2d 803, 808 (9th Cir 1992).

**I. Sovereign Immunity**

The United States, as sovereign, is immune from suit except as it consents to be sued. Absent that consent, the court lacks subject matter jurisdiction. *United States v. Sherwood*, 312 US 584, 586 (1941). By statute, the United States has consented to be sued for certain types of actions, such as under the FTCA for torts committed by its employees in the course and scope of their employment or by the Tucker Act for contract claims for more than $10,000.00, 28 USC

§ 1491(a).  Plaintiffs bear the burden of showing "an unequivocal waiver of sovereign immunity."  *Baker v. United States*, 817 F2d 560, 562 (9th Cir 1987), *cert denied* 487 US 1204 (1988).  Here plaintiff has not alleged any such waiver, and the court finds that the United States has not waived its sovereign immunity.  Therefore, the United States should be dismissed with prejudice.

An individual may sue federal agents in their individual capacity if he or she has "suffer[ed] a compensable injury to a constitutionally-protected interest."  *Butz v. Economou*, 438 US 478, 504 (1978).  Such an action is typically referred to as a *Bivens* action, after *Bivens v. Six Unknown Narcotics Agents*, 403 US 388 (1971).  However, plaintiff does not allege that any federal agent violated his constitutional rights.  To the contrary, he alleges that various state defendants violated his constitutional rights.   However, as discussed below, those defendants should be dismissed as well.

## II. Eleventh Amendment Immunity

The Eleventh Amendment bars suit in federal court against a state, an agency acting under its control, or a state officer in his official capacity.  *Puerto Rico Aqueduct and Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 US 139, 144 (1993);  *Atascadero State Hosp. v. Scanlon*, 473 US 234, 239-41 (1985); *Alabama v. Pugh*, 438 US 781, 782 (1978) (*per curiam*); *Edelman v. Jordan*, 415 US 651, 662-63, 673 (1974); *Belanger v. Madera Unified Sch. Dist.*, 963 F2d 248, 254 (9th Cir 1992), *cert denied*, 507 US 919 (1993). There are two exceptions to the Eleventh Amendment protection:  (1) Congress can abrogate the Eleventh Amendment without the consent of the states in certain situations; and (2) a state may waive its immunity by consenting to suit in federal court but must do so by "the most express language or by such overwhelming

implication from the text as [will] leave no room for any other reasonable construction." *Atascadero State Hosp. v. Scanlon*, 473 US 234, 239-40 (1985), quoting *Edelman,* 415 US at 673 (internal quotation marks and additional citation omitted).

The State of Oregon has not consented to be sued in federal court or otherwise waived its immunity. *Delong Corp v. Oregon State Hwy. Comm'n*, 343 F2d 911, 912 (9th Cir), *cert denied*, 382 US 877 (1965). Thus, plaintiff cannot sue the State of Oregon or any of its agencies, including the Oregon Board of Pharmacy, the Oregon Department of Justice, and the Office of the Oregon Attorney General in this court, and those defendants should be dismissed.

The same Eleventh Amendment immunity that applies to a state "also shields state officials from official capacity suits." *Krainski v. Nevada ex rel. Bd. of Regents of Nevada System of Higher Educ.*, 616 F3d 963, 967 (9th Cir 2010) (citation omitted), *cert. denied* 131 S Ct 1678 (2011). However, a plaintiff may seek "prospective declaratory or injunctive relief against state officers in their official capacities." *Los Angeles County Bar Ass'n v. Eu*, 979 F2d 697, 704 (9th Cir 1992) (citations omitted). Since plaintiff does not seek any declaratory or injunctive relief against any individual defendant, this court lacks jurisdiction over all of his claims against the individual defendants in their official capacities. That leaves only potential claims against the individual defendants in their personal capacities.

### III.  § 1983 Claim

Plaintiff can only recover damages for violation of his constitutional rights under a federal statute, 42 USC § 1983. To state a § 1983 claim, a plaintiff must allege facts showing the deprivation of a right, privilege or immunity secured by the Constitution or federal law by a person acting under color of state law. *L.W. v. Grubbs*, 974 F2d 119, 120 (9th Cir 1992), *cert.*

*denied*, 508 US 951 (1993); *Lopez*, 939 F2d at 883. Assuming that his claims are based on § 1983 for violation of his constitutional rights, then his Complaint is deficient for several reasons.

First, municipalities and other local governmental entities are "persons" within the meaning of § 1983. *Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 US 658, 690-91 (1978). However, neither a state nor a state official in his official capacity is a "person" for purposes of a § 1983 damages action. *Will v. Michigan Dep't of State Police*, 491 US 58, 71 (1989). Thus, even if a state is found to have waived its Eleventh Amendment immunity in federal court, or even if a § 1983 action is brought in state court where the Eleventh Amendment has no applicability, *Will* precludes a damages action against the state governmental entity. However, a state official sued in his or her individual capacity for damages is a "person" under § 1983. *Hafer v. Melo*, 502 US 21, 27 (1991).

Second, "[l]iability under section 1983 arises only upon a showing of personal participation by the defendant" in the alleged constitutional deprivation. *Taylor v. List*, 880 F2d 1040, 1045 (9th Cir 1989); *Arnold v. Int'l. Bus. Machs. Corp.*, 637 F2d 1350, 1355 (9th Cir 1981). Liability may also be imposed if the defendant sets into "motion a series of acts by others which the actor knows or reasonably should know would cause others to inflict the constitutional injury." *Gini v. Las Vegas Metro. Police Dep't*, 40 F3d 1041, 1044 (9th Cir 1994), quoting *Merritt v. Mackey*, 827 F2d 1368, 1371 (9th Cir 1987). "It is well established that section 1983 does not impose liability upon state officials for the acts of their subordinates under a respondeat superior theory of liability." *Rise v. State of Or.*, 59 F3d 1556, 1563 (9th Cir 1995), citing *Monell*, 436 US at 691-94 (1978). "Rather, state officials are subject to suit under section 1983

only if 'they play an affirmative part in the alleged deprivation of constitutional rights.'" *Id*, quoting *King v. Atiyeh*, 814 F2d 565, 568 (9th Cir 1987).

At a minimum, a plaintiff must name each defendant who personally participated in the alleged violation of his constitutional rights, and then link specific factual allegations to particular defendants. *McHenry v. Renne*, 84 F3d 1172, 1179 (9th Cir 1996) (affirming dismissal of complaint which vaguely referred to "defendants" or "other responsible authorities" and failed to link factual allegations to specific defendants). Here plaintiff does name as defendants all members of the Oregon Board of Pharmacy, the entity that presumably denied the transfer of his pharmaceutical license. However, he does not allege that they were members of the Board at the time of the alleged constitutional violations and that they personally participated in them.

Moreover, even if he alleged that they personally participated in the alleged constitutional violations, he clearly can state no claim against the Oregon Attorney General, Deputy Attorney General, or Chief Counsel of the Oregon Department of Justice. A prosecutor, such as these defendants, is absolutely immune from suits for damages for acting "as an advocate in initiating a prosecution and presenting a states's case." *Gobel v. Maricopa County*, 867 F2d 1201, 1203 (9th Cir 1989). "Prosecutorial immunity, like judicial immunity, is absolute rather than qualified in order to permit performance without fear of litigation." *Babcock v. Tyler*, 884 F2d 497, 501-02 (9th Cir 1989), *cert denied,* 493 US 1072 (1990) (citations omitted).

Third, and perhaps most importantly, it is obvious from the allegations in the Complaint that plaintiff's constitutional claims are time-barred. Because § 1983 and most related federal civil statutes have no independent statute of limitations, the applicable limitation period is borrowed from the forum state. *Wilson v. Garcia*, 471 US 261, 279-80 (1985). Actions filed

8 - FINDING AND RECOMMENDATION

pursuant to § 1983 are characterized as personal injury actions for statute of limitations purposes. *McDougal v. County of Imperial*, 942 F2d 668, 673 (9th Cir 1991). In Oregon, this period is two years. ORS 12.110(1); *Cooper v. City of Ashland*, 871 F2d 104, 105 (9th Cir 1989). The only factual allegation by plaintiff is that the Oregon Board of Pharmacy denied his application in April 2007. Plaintiff filed the Complaint on September 11, 2011, over four years later. Therefore, any claim under § 1983 based on the denial of his application is clearly time-barred.

## IV. Leave to Amend

A *pro se* litigant must be given leave to amend his or her complaint unless it appears the deficiency cannot be cured by amendment. *James v. Giles*, 221 F3d 1074, 1077 (9th Cir 2000) (citations omitted). Viewing all allegations in the Complaint as true and construing all inferences in plaintiff's favor, this court concludes that it has no jurisdiction over plaintiff's claims against the United States, State of Oregon, its agencies and officials acting in their official capacity. In addition, any claim against state officials acting in their personal capacity are barred by the statute of limitations. Those deficiencies in the Complaint cannot be cured by amendment.

## RECOMMENDATIONS

Based on the foregoing, plaintiff's Application to Proceed *In Forma Pauperis* (docket #1) should be GRANTED, and the Complaint should be DISMISSED with prejudice.

///

///

///

///

## SCHEDULING ORDER

These Findings and Recommendations will be referred to a district judge. Objections, if any, are due October 24, 2011. If no objections are filed, then these Findings and Recommendations will go under advisement on that date.

If objections are filed, then a response is due within 14 days after being served with a copy of the objections. When the response is due or filed, whichever date is earlier, the Findings and Recommendations will go under advisement.

## NOTICE

This Findings and Recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any Notice of Appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of a judgment.

DATED this 7th day of October, 2011.

                                   s/ Janice M. Stewart_____
                                   Janice M. Stewart
                                   United States Magistrate Judge